Reed, J.,
delivered the opinion of the court.
Plaintiff in error was plaintiff below ; brought suit against the defendants before a justice of the peace. The case proceeded to trial, and after the plaintiff had closed his evidence, defendants moved for nonsuit on the ground that it was shown that the plaintiff was the assignee of the claim, and as such could not maintain the suit. The motion was overruled and a judgment entered for $21.00 and costs ; an appeal was taken to the county court, where the proceedings had before the justice of the peace were duplicated; the same motion made at the same stage of the proceedings, which was sustained, and a judgment entered dismissing the suit at the cost of the plaintiff, from which a writ of error was sued out to this court.
The only question presented is whether the court erred in sustaining the motion. Sec. 103, Genl. Stat., cited and relied upon by counsel of plaintiff, occurs in chap. 9, entitled “Bonds, Bills, and Promissory Notes,” 'and is as follows :— “ All promissory notes, bonds, due bills and other instruments in writing made by any person, whereby such person promises or agrees to pay any sum of money, or article of personal property, or any sum of money in personal property, or acknowledge any sum of money or article of personal property, to be due to any other person or persons, shall be *161 taken to be due and payable to the person or persons to whom the said note, bond, bill or other instrument in writing is made.” It will be observed that by the wording of the section relied upon, in order to bring the claim within its provisions, it must be an instrument in writing acknowledging an indebtedness and promising payment, which may be made either in money or personal property.
Two abstracts of the record, one by each of the parties, are filed, in neither of which is there any of the evidence given showing the nature of the claim, or that there was any chose in action that had been assigned; nor is the character of the supposed claim shown by an examination of the record or disclosed in the argument, consequently we have no means of determining whether or not the claim was one made assignable by the statute. Error will not be presumed. Unless the error is shown the presumption is against it, and in' favor of the regularity of the judgment. It is therefore presumable that the supposed claim was not an acknowledgment in writing of an indebtedness and a promise to pay it,, upon which an action could be maintained under the statute relied upon.
Under our Code of Civil Procedure almost any surviving right of action may be assigned so as to enable the assignee; to maintain a suit in his own name. By sec. 3 of the Code, it is declared, “ every action shall be prosecuted in the name of the real party in interest, except as otherwise provided in, this act.” With proper proof, perhaps this action might have-been maintained, but there was an absolute want of proof of the existence of any legal right of action, and no proof of any assignment whatever, consequently the judgment must be affirmed.

Affirmed.